# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

IN RE:                                              CHAPTER 7

TERESA M. LITZINGER                                 CASE NO. 13-12535-BJK


JANET M. MEIBURGER, Trustee

    Plaintiff,

v.                                                  Adv. Proc. No. 14-01039-BFK

ROBERT L. LITZINGER

    Defendant

ANSWER

Defendant, Robert L. Litzinger, by counsel, responds to Plaintiff's Complaint as follows:

1. Defendant admits the allegations in paragraphs 1 through 5 of the Complaint.

2. In response to paragraph 6, Defendant states that he does not reside at 9356 Harts Mill Road, Warrenton, Virginia.  His mailing address is P.O. Box 1207, Warrenton, VA 20188.

3. Defendant admits the allegations in paragraphs 7 and 8.

4. In response to paragraph 9, Defendant denies that a copy of any deed was attached to the Complaint as an exhibit, or otherwise.  Thus, Defendant denies the remaining factual allegations and legal conclusions in paragraph 9.

5. Defendant denies the allegations in paragraph 10.  He has no way of knowing what actions Plaintiff may have taken in this matter.  Nor does Defendant know what other individuals have told Plaintiff about the value of the subject property.  Defendant admits that, to the best of his knowledge, there are no liens on the subject property.

Ann M. Callaway
Counsel for Debtor
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
(540) 349-4100
(540) 347-4884 fax
VSB #29014
acallaway@anncallawaylaw.com

6. In response to paragraph 11, Defendant states that the statute speaks for itself.

7. Defendant denies the allegations in paragraphs 12 through 14.

8. Defendant admits the allegations in paragraph 15.

9. In paragraphs 16 and 17, Plaintiff does not make any factual allegations. Thus, no response is required.

10. By way of further answer, Defendant states as follows:

    a. Both debtor and Defendant reside in Virginia. The subject property is located in West Virginia.

    b. Defendant owned the subject property prior to his marriage to debtor.

    c. The parties are in the process of divorcing.

    d. Plaintiff seeks to partition the subject property and use one-half of the sales proceeds to pay debtor's creditors.

    e. Plaintiff's and Defendant's respective property rights in the subject property are governed by the law of Virginia – the forum state.[1] Under Virginia law, the partition of real property is governed by the law of the state where the property is located, that being West Virginia.[2]

---

[1] A federal court sitting in a diversity case applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487 (1941); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). This rule extends to bankruptcy courts which are often presented with situations where the Bankruptcy Code incorporates issues that are the subject of state law. When faced with this issue — whether state or federal law applies in a bankruptcy context — the Fourth Circuit held that "in the absence of a compelling federal interest which dictates otherwise, the Klaxon rule, should prevail where a federal bankruptcy court seeks to determine the extent of a debtor's property interest."(Citations omitted.) Applying these principles, the bankruptcy court must apply the choice of law rules of the forum state, here Virginia, to determine which state law applies to the issue of prejudgment interest. *In re Poli*, 298 B.R. 557 (Bankr. E.D.Va., 2003).

[2] **§ 8.01-261 of the Code of Virginia, 1950, as amended - Category A or preferred venue.**
In the actions listed in this section, the forums enumerated shall be deemed preferred places of venue and may be referred to as "Category A" in this title. Venue laid in any other forum shall be subject to objection; however, if more than one preferred place of venue applies, any such place shall be a proper forum. The following forums are designated as places of preferred venue for the action specified:
    3. The county or city wherein the <u>subject land…is situated</u> in the following actions:
        a. To recover or <u>partition</u> land;

f.  In the case of *Bank v. Corder*, The Supreme Court of West Virginia dealt with a case involving a partition suit brought by creditors of one co-owner to sell jointly-owned property. The Court framed the issue as follows: "Can a judgment lien creditor maintain a creditor's action to sell jointly-owned property where his judgment is against only one of the joint property owners? Then, answering its own question stated: "Unfortunately, the answer to this certified question is neither a simple "yes" nor "no." Each case of this type must be processed individually with due attention to considerations that we shall illuminate below." The court went on to explain: "Nonetheless, we hold that creditors of one joint tenant may reach that joint tenant's interest and force partition either in kind or by sale, *but only if "the interest of the other person or persons so entitled will not be prejudiced thereby*. W.Va.Code, 37-4-3 (1957)[3]."

g.  If Plaintiff is permitted to sell the subject property and use one-half of the sales proceeds to pay debtor's creditors, Defendant will be prejudiced. Land is not fungible.

h.  Moreover, the divorce laws of both states dictate that debtor has no interest in the property, despite having her name on the deed.

1)  Under Virginia law, property owned by one spouse prior to marriage remains the separate property of that property in the event of divorce, subject to a few exceptions that do not apply to these facts.[4] Moreover, retitling separate property

---

[3] **§37-4-3 of the Code of West Virginia - Allotment or sale; procedure for allotment.**

When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to; or in any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interest of the other person or persons so entitled will not be prejudiced thereby, the court, notwithstanding the fact that any of those entitled may be an infant, insane person, or convict, may order such sale, or such sale and allotment, and make distribution of the proceeds of sale, according to the respective rights of those entitled, taking care, when there are creditors of any deceased person who was a tenant in common, joint tenant, or coparcener, to have the proceeds of such deceased person's part applied according to the rights of such creditors.

[4] **§ 20-107.3 of the Code of Virgini, 1950, as amended - Court may decree as to property and debts of the parties.**

1.  Separate property is (i) all property, real and personal, acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property; and (iv) that part of any property classified as separate pursuant to subdivision A 3. Income received from separate property during the marriage is separate property if not attributable to the

does not cause the property to become marital property as long as the property is traceable as separate property.[5]

   2)  Under West Virginia law, property owned prior to a marriage is the owner's separate property.[6]

   i.  Thus, in both states, the subject property would be allocated to Defendant as his sole and separate property, not subject to equitable distribution in connection with divorce and not subject to the claims of debtor's creditors.  In other words, the property does not belong to debtor.

WHEREFORE, Defendant moves this Court to order that debtor has no interest in the subject property pursuant to the law of Virgnia; to dismiss Plaintiff's complaint; and to order Plaintiff to pay his legal fees incurred in the defense of this claim.

Respectfully submitted this _____ day of March, 2014.

                                        Robert L. Litzinger
                                        By Counsel

---

personal effort of either party. The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions. The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

[5] **§ 20-107.3 of the Code of Virginia, 1950, as amended - Court may decree as to property and debts of the parties.** 2(f). When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification.

[6] **§48-1-237 of the Code of West Virginia - Separate property defined.**
"Separate property" means:
(1) Property acquired by a person before marriage;
(2) Property acquired by a person during marriage in exchange for separate property which was acquired before the marriage;
(3) Property acquired by a person during marriage, but excluded from treatment as marital property by a valid agreement of the parties entered into before or during the marriage;
(4) Property acquired by a party during marriage by gift, bequest, devise, descent or distribution;
(5) Property acquired by a party during marriage but after the separation of the parties and before ordering an annulment, divorce or separate maintenance; or
(6) Any increase in the value of separate property as defined in subdivision (1), (2), (3), (4) or (5) of this section which is due to inflation or to a change in market value resulting from conditions outside the control of the parties.

/s/ Ann M. Callaway
Counsel for Debtor
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
(540) 349-4100
(540) 347-4884 fax
VSB #29014
acallaway@anncallawaylaw.com